IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CV-381-BO

| | | |
|---|---|---|
| DOUGLAS P. GODWIN, SR., WLB RENTALS, INC., DR. KENNETH R. MCELYNN, THOMAS ELLIS, ELIZABETH CRUDUP, and JAMES E. WEEKS, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| CITY OF DUNN, | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the Court on the City of Dunn's Motion to Dismiss. For the reasons set forth herein, the Motion to Dismiss is GRANTED. Plaintiffs claims arising under the Constitution of the United States are DISMISSED. Plaintiffs claims arising under the Constitution and laws of North Carolina are REMANDED to the Harnett County Superior Court.

## INTRODUCTION

On July 14, 2009 the City of Dunn enacted a Rental Housing Code. Plaintiffs brought suit in Harnett County Superior Court, and the City of Dunn removed the case to this Court. The City of Dunn subsequently amended the Rental Housing Code, and Plaintiffs brought an Amended Complaint challenging the Code as amended.

On April 12, 2010, the City of Dunn filed the instant Motion to Dismiss. Plaintiffs responded on May 5, 2010. The City of Dunn replied on May 14, 2010. A hearing was held in

Raleigh, North Carolina, on July 7, 2010. The Motion to Dismiss is now ripe for ruling.

DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Attain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). Although specificity is not required, a complaint must allege enough facts to state a claim to relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). If the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible," the "complaint must be dismissed." *Twombly*, 544 U.S. at 1973.

I. Search & Seizure

Plaintiffs argue that the Rental Housing Code permits searches in violation of the 4th Amendment. As the Supreme Court explained in *Camara v. Municipal Court of City and County of San Francisco*, 387 U.S. 523, 538 (1967):

> Having concluded that the area inspection is a 'reasonable' search of private property within the meaning of the Fourth Amendment, it is obvious that 'probable cause' to issue a warrant to inspect must exist if reasonable legislative or administrative standards for conducting an area inspection are satisfied with respect to a particular dwelling. Such standards, which will vary with the municipal program being enforced, may be based upon the passage of time, the nature of the building (e.g., a multifamily apartment house), or the condition of the entire area, but they will not necessarily depend upon specific knowledge of the condition of the particular dwelling. It has been suggested that so to vary the probable cause test from the standard applied in criminal cases would be to authorize a 'synthetic search warrant' and thereby to lessen the overall protections

of the Fourth Amendment. But we do not agree. The warrant procedure is
designed to guarantee that a decision to search private property is justified by a
reasonable governmental interest. But reasonableness is still the ultimate standard.
If a valid public interest justifies the intrusion contemplated, then there is probable
cause to issue a suitably restricted search warrant.

(internal citations omitted); *see also Marshall v. Barlow's, Inc.*, 436 U.S. 307, 320 (1970). This requirement of reasonable standards requires first that "absent traditional probable cause, the decision to search a property must be based on some 'neutral criteria.'" *Black v. Village of Park Forest*, 20 F.Supp.2d 1218, 1225 (N.D. Ill. 1998) (quoting *Marshall v. Barlow's, Inc.*, 436 U.S. 307, 320-21 (1978). And "second, the requirement may impose an obligation to limit the scope of the inspections to what is necessary to achieve the legitimate goals of the program." *Id.*

This Court concludes that the City of Dunn's Rental Housing Code contains sufficient standards to satisfy constitutional scrutiny. At the outset, it must be noted that if the tenant refuses entry, the Rental Housing Code requires the City to resort to North Carolina's administrative warrant mechanism pursuant to N.C. Gen. Stat § 15-27.2, which requires that the search fall under a "a legally authorized program of inspection which naturally includes that property, or that there is probable cause for believing that there is a condition, object, activity or circumstance which legally justifies such a search or inspection of that property." The Code provides that an official may request entry where necessary to enforce the minimum rental housing standards set forth in the code or an official has reasonable cause to believe that a rental unit is substandard as defined in the Code. An official must request entry where (1) the tenant files a petition setting forth non-complying conditions; (2) a public authority or non-profit files a petition alleging that a specific dwelling is not in compliance; (3) it appears to the city building inspector via visual exterior inspection that a dwelling is not in compliance; or (4) at least five

city residents file a petition setting forth the dwelling and violations observed. In either case, the recourse for refusal of entry is a warrant pursuant to N.C. Gen. Stat § 15-27.2 if entry is refused. Moreover, the Rental Housing Code provides that inspections must "be reasonably tailored to support the health, safety and welfare objectives of this Code and to identify compliance deficiencies." And the Code also provides for notice by mail and an attempt to set up a convenient time for inspection and 72 hours notice of inspection of no agreeable inspection time can be set up.

Plaintiffs also argue that allowing the owner rather than the tenant to consent to a search violates the 4th amendment. Plaintiffs are correct to note that the right to consent belongs to the tenant. *Chapman v. United States*, 65 U.S. 610, 616-17 (1961). But "[a] facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). Because the owner of a rental housing unit could validly consent to a search of an unoccupied unit, a facial challenge is not appropriate on these grounds. *Black v. Village of Forest Park*, 20 F. Supp.2d 1218 (N.D. Ill. 1998).

In sum, in light of the neutral administrative standards for inspections, notice of inspection, and the warrant requirement, Plaintiffs have not stated a claim for violations of the 4th Amendment. Therefore, the Motion to Dismiss is GRANTED with respect to Plaintiffs' 4th Amendment claims.

II. Equal Protection

Plaintiffs argue that the Rental Housing Code violates the Equal Protection Clause of the

14th Amendment by unlawfully treating owner occupiers and renters differently. Because the Rental Housing Code does not involve a fundamental interest or a protected class, it is subject to rational basis review. *See Lock Haven Property Owners' Ass'n v. City of Lockhaven*, 911 F.Supp. 155, 160-61 (M.D. Pa. 1995) ("As Lock Haven Ordinance No. 442 does not involve any discernible fundamental interest and does not affect with particularity any protected class, the test is therefore whether it has a rational relationship to a legitimate state interest."); *see also Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 83 (2000). Because the Rental Housing Code is rationally related to the legitimate government interest of ensuring the health and safety of tenants, it does not violate the equal protection clause of the 14th Amendment. *See Lock Haven*, 911 F.Supp. at 161. Plaintiffs' memorandum also requests discovery that might reveal disparate treatment of minority housing. But Plaintiffs' Complaint makes no allegation of such disparate treatment. Rather, the Complaint sets forth only a facial challenge on the grounds that tenants are treated differently than homeowners. Thus, although Plaintiffs may challenge the Rental Housing Code as applied at a later time, the instant Complaint contains no facially plausible claim for disparate treatment that would justify proceeding to discovery. As such, the Motion to Dismiss is GRANTED with respect to Plaintiffs' claims for violations of the Equal Protection Clause of the 14th Amendment.

### III. The Contracts Clause

Plaintiffs argue that the Rental Housing Code is invalid as an impairment on the obligations of contract between landlord and tenant in violation of Article I, § 10 of the United States Constitution. A three-part test determines whether state action violates the Contracts Clause. "First, a court must ask whether there has been an impairment of a contract. Second, a

-5-

Case 5:09-cv-00381-BO   Document 19   Filed 07/16/10   Page 5 of 10

court must ask 'whether the state law has, in fact, operated as a substantial impairment of a contractual relationship.' Third, if the court finds a substantial impairment, it must ask 'whether that impairment is nonetheless permissible as a legitimate exercise of the state's sovereign powers.'" *Catawba Indian Tribe of South Carolina v. City of Rock Hill, SC*, 501 F.3d 368, 371 (internal citations omitted); *see also Am. Fed'n of State, County and Municipal Employees v. City of Benton, Arkansas*, 513 F.3d 874, 879 (8th Cir. 2008). The Rental Housing Code does not substantially impair a pre-existing contract. Rather than abrogating the fundamental obligations of landlord and tenant, the Rental Housing Code merely sets forth certain minimum habitable conditions for rental housing. And even assuming that the Rental Housing Code substantially impaired a pre-existing contract, the Rental Housing Code is appropriate to secure the health, safety, and welfare of tenants. Therefore, the Motion to Dismiss is GRANTED with respect to Plaintiff's Contracts Clause claims.

## IV. Due Process

Plaintiffs allege that the Rental Housing Code violates the right to substantive and procedural due process guaranteed by the 14th Amendment. Where a statute does not infringe on a fundamental right, it must only bear a rational relationship to a legitimate government interest. Because the Rental Housing Code does not infringe on a fundamental right and bears a rational relationship to the legitimate government end of ensuring safe and healthy rental housing, it does not violate Plaintiffs' right to substantive due process. *Bloomsburg Landlords Ass'n, Inc. v. Town of Bloomsburg*, 912 F.Supp. 790 (M.D. Pa. 1995); *Berwick Area Landlord Ass'n v. Borough of Berwick*, 2007 WL 2065247 (M.D. Pa. 2007).

Plaintiffs also argue that the Rental Housing Code is unconstitutionally vague. In order to

Case 5:09-cv-00381-BO   Document 19   Filed 07/16/10   Page 6 of 10

be rendered void for vagueness, a law must be "so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *Zwickler v. Koota*, 389 U.S. 241, 249 (1967) (quoting *Connally v. General Const. Co.*, 269 U.S. 385, 291 (1926)). "A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972).

The Rental Housing Code adequately and specifically sets forth acceptable conditions of rental housing. The specific housing requirements identified by Plaintiffs - such as reasonably water tight windows and fixtures in good working order - are not impermissibly vague. The discretion on the part of city officials to require additional refuse containers at an apartment does not render the Rental Housing Code void for vagueness because the landlord will be on notice of the container requirement and may challenge a requirement that is outlandish. Section 4-39(8)(a)'s provision concerning rental units that "otherwise endangers life, limb, health, property, safety or the welfare of the public or the occupants" is tempered by that provision's reference to "other appropriate sections [of the Rental Housing Code], other ordinances and/or articles of the general building code of the city." And finally, contrary to Plaintiffs' assertion that conditions in violation of the code alone may subject the owner or tenant to criminal violations, the code contains a mens rea provision that makes it a misdemeanor to *knowingly* allow another person to occupy a substandard dwelling. In sum, the Rental Housing Code is not void for vagueness.

Plaintiffs also contend that the appeals procedures in the Rental Housing Code are inadequate. But § 4-39(9)(c) provides the same procedural protections for violations of the Rental Housing Code as the Minimum Housing Code including notice, a hearing, an appeal to

the city council, and a subsequent appeal to North Carolina Superior Court. As such, the Rental Housing Code does not violate Plaintiffs' right to procedural due process guaranteed by the 14th Amendment.

Finally, Plaintiffs argue that the Rental Housing Code violates the right to due process by rendering a landlord or tenant responsible for the acts of others. But this question was addressed in *Bloosmburg Landlord Ass'n v. Town of Bloomsburg*, 912 F.Supp. 790 (M.D. Pa. 1995), *aff'd* 96 F.3d 1431 (3d Cir. 1996), which upheld and ordinance which imposed liability on landlords for failing to control the conduct of lessees. The Court noted that "[l]andlords unquestionably may impose conditions on how the demised premises are used by the tenant" and that "such controls generally take the form of restrictions against keeping pets on the premises or painting or making other permanent alterations without the consent of the landlord and other restrictions intended to preserve the condition of the leased premises." *Id.* at 803. Similarly, in *Chavez v. Housing Authority of City of El Paso*, 973 F.2d 1245 (5th Cir. 1992), the 5th Circuit found no constitutional infirmity in evicting a tenant as a result of the conduct of her adult son that violated a lease term mandated by federal housing regulation 24 C.F.R. § 966.4(f)(11). The Court reasoned that "Chavez is not being punished for the actions of her son. She is being evicted for failing to ensure that her guests do not disturb or endanger others in her community." *Id.* at 1249. Therefore, the potential for liability on the part of landlords for the conduct of tenants or of tenants for the conduct of guests in the instant case does not render the Rental Housing Code unconstitutional.

In sum, this Court concludes that the Rental Housing Code does not violate Plaintiffs' right to due process of law guaranteed by the 14the Amendment. Therefore, the Motion to

Case 5:09-cv-00381-BO   Document 19   Filed 07/16/10   Page 8 of 10

Dismiss is GRANTED with respect to Plaintiffs' claims arising from the Due Process Clause of the 14th Amendment.

## V. North Carolina Constitutional and Statutory Claims

In addition to the claims discussed above, Plaintiffs argue that the Rental Housing Code violates several provisions of the North Carolina Constitution and that the North Carolina General Assembly either did not delegate the police power to enact a rental ordinance to the City of Dunn or occupied the field of rental housing regulation. Because these claims raise issues of state law and complete diversity of citizenship is lacking among the parties, this Court may entertain these claims only by exercising supplemental jurisdiction. "A district court may exercise its discretion in retaining jurisdiction over state law claims ... by considering factors that include: 'convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy.'" *Semple v. City of Moundsville*, 195 F.3d 708, 714 (4th Cir. 1999). This Court concludes that the interests of comity and federalism require reserving these issues for the North Carolina Courts and that no substantial issue of federal policy or fairness to the parties weighs against declining jurisdiction. *Cf. Louisiana Power & Light Co. v. City of Thibodaux*, 260 U.S. 25 (1959). Therefore, Plaintiffs' claims arising under the Constitution and laws of the State of North Carolina are REMANDED to the Harnett County Superior Court.

## CONCLUSION

In light of the foregoing, the City of Dunn's Motion to Dismiss is GRANTED. Plaintiffs' claims that the City of Dunn Rental Housing Code violates the United States Constitution are hereby DISMISSED. Plaintiffs' claims that the Rental Housing Code violates the Constitution

-9-

Case 5:09-cv-00381-BO   Document 19   Filed 07/16/10   Page 9 of 10

and laws of North Carolina are hereby REMANDED to the Harnett County Superior Court.

SO ORDERED, this __15__ day of July, 2010.

                                               TERRENCE W. BOYLE
                                               UNITED STATES DISTRICT JUDGE